UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THOMAS SPOTTED BEAR,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER SCHULZ, in his individual capacity,<br><br>Defendant. | 5:20-CV-05061-KES<br><br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiff, Thomas Spotted Bear, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and under 42 U.S.C. § 1997e for failure to exhaust the Pennington County jail's administrative remedies. Docket 28. Spotted Bear's conditions of confinement and retaliation claims against defendant, in his individual capacity, survived 28 U.S.C. § 1915A screening. *See* Docket 14 at 6, 12.

Under the Prison Litigation Reform Act (PLRA), exhaustion of administrative remedies is an affirmative defense. *Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019). "If an affirmative defense . . . is apparent on the face of the complaint, [] that [affirmative defense] can provide the basis for dismissal under Rule 12(b)(6)." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008) (citing *Bradford v. Huckabee,* 394 F.3d 1012, 1015 (8th Cir.

1

2005)). Spotted Bear checked boxes on his complaint form and indicated he exhausted the jail's administrative remedies process. Docket 1 at 4-6.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such motions, the court must accept as true the allegations in the complaint and construe the pleadings in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). The pleaded facts must demonstrate a plausible claim, that is, one in which the pleader has shown more than an abstract "possibility" that the defendant has engaged in actionable misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

Here, Spotted Bear indicated in his complaint that he exhausted his administrative remedies to the highest level in the jail and mentioned a grievance in his alleged facts. Docket 1 at 4-6. But Spotted Bear did not attach grievances to his complaint. *See id.* Defendant asks this court to consider the Pennington County Sheriff's Office: Jail Division, Inmate Handbook (Inmate Handbook) and copies of Spotted Bear's grievances. Dockets 29, 30. Generally, matters outside the pleadings cannot be considered when deciding a Rule 12 motion, but documents that are necessarily embraced by the complaint are not outside the pleading. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526

2

(8th Cir. 2017). "[M]aterials embraced by the complaint include 'documents whose contents are alleged in a complaint whose authenticity no party questions, but which are not physically attached to the pleadings.' " *Id.* (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). Courts may consider "matters incorporated by reference or integral to the claim . . . and items appearing in the record of the case . . . ." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

Here, Spotted Bear incorporated the grievances and the administrative remedies procedures by mentioning them in his alleged facts. Docket 1 at 4, 6. Defendant identified the administrative remedies procedures by filing as part of the record the Inmate Handbook. Docket 30-1. And Spotted Bear had the opportunity to contest defendant's motion to dismiss and an opportunity to contest the validity of the grievances filed, but did not do so. For these reasons, this court will consider the grievances filed by Spotted Bear and the Inmate Handbook because they were embraced by the pleadings and their authenticity is not disputed. *See* Dockets 30-1 at 16-18; 30-2 at 1-12.

The PLRA provides that an inmate must exhaust all available administrative remedies before bringing an action with respect to prison conditions under either § 1983 of this title or any other federal law. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This mandatory exhaustion requirement applies broadly to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in [federal] court."). The PLRA requires "immediate dismissal" of all unexhausted claims. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005).

Before filing this action, Spotted Bear was required to fully and properly exhaust his administrative remedies as to each claim in the complaint. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."). The prisoner must exhaust his administrative remedies even if the precise relief he seeks is not available through the prison grievance system. *Booth*, 532 U.S. at 739-41. In order to properly exhaust administrative remedies, Spotted Bear must comply with the procedures in the jail's Inmate Handbook regarding grievances. *See Woodford v. Ngo*, 548 U.S. 81, 102 (2006) ("[P]roper exhaustion" under the PLRA requires prisoners to comply with the prison's deadlines and procedures.). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

The Inmate Handbook states that a grievance must be submitted through the inmate kiosk within 5 days of the incident. *See* Inmate Handbook

at 16; Docket 30-1 at 17. Once the initial grievance is submitted the "Lieutenant . . . will respond within 72 hours . . . ." *Id.* Next:

> 4. Should the inmate who submitted the grievance not feel that the Lieutenant, . . . addressed the complaint he/she may then appeal to the Captain.
>
>> a. Appeals to the Captain must be submitted within 24 hours of the date appearing on the Lieutenant's response section of the grievance.
>>
>> b. The letter of appeal must indicate reasons why the inmate believes the response of the Lieutenant did not address his/her complaint.
>>
>> c. The Captain will respond within 5 business days. Any delays will be provided in writing.
>
> 5. Should the inmate who submitted the grievance not feel the Captain addressed the complaint, he/she may then appeal to the Jail Commander.
>
>> a. Appeals to the Jail Commander must be submitted within 24 hours of the date appearing on the Captain's response.
>>
>> b. The letter of appeal must indicate reasons why the inmate believes the response of the Captain did not address his/her complaint.
>>
>> c. The Jail Commander will respond within 15 business days. Any delays will be provided in writing.
>
> Once the Jail Commander has responded, there can be no further appeals within the department.

Inmate Handbook at 16-17; Docket 30-1 at 17-18. Spotted Bear's alleged violations occurred on September 6, 2020. Docket 1 at 4. Because a grievance must be filed within five days of the incident this court will consider the grievances filed within the appropriate time frame. *See* Docket 30-1 at 17.

Spotted Bear's grievance filed on September 8, 2020, was about the bathroom occurrence and alleged retaliation. Docket 30-2 at 3-4. His appeal was rejected by Captain Anderson on September 11, 2020. *Id.* Spotted Bear did not appeal Captain Anderson's denial to the Jail Commander. *See id.* Thus, Spotted Bear did not exhaust the jail's administrative remedies with respect to this grievance. Spotted Bear filed another grievance regarding the Sept. 6, 2020, incident and it was rejected by Lieutenant Houston on September 8, 2020. *Id.* at 5. Spotted Bear did not appeal the decision to the Captain. *See id.* This grievance was not exhausted. Finally, Spotted Bear filed a grievance on September 11, 2020, but it was regarding a state court bond. *See id.* at 6. Spotted Bear did not exhaust the jail's administrative remedies.

An administrative remedy, however, must be "available" to an inmate. *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). The United States Supreme Court noted three instances where the administrative remedy is unavailable, and failure to exhaust in these situations does not end a claim: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates[;]" (2) when "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it[;]" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

6

Here, Spotted Bear did not oppose defendant's motion to dismiss or present an argument that the administrative remedy process was "unavailable" to him. The record shows that Spotted Bear can and has used the kiosk system to submit grievances. Because Spotted Bear has not exhausted the jail's administrative remedies, his claims must be dismissed. *See Gibson*, 431 F.3d at 341.

Thus, it is ORDERED:

1. That defendant's motion to dismiss (Docket 28) is granted.

2. That defendant's motion to dismiss (Docket 33) is denied as moot.

Dated July 13, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE